MEMORANDUM ***
The immigration judge’s adverse credibility finding is not supported by substantial evidence. The petitioner produced all easily available, non-duplicative, material evidence corroborating his claims. Cf. Chebchoub v. INS, 257 F.3d 1038, 1044-45 (9th Cir.2001) (failure to do so can be basis for adverse credibility finding). The main inconsistency is a minor dispute about who typed a letter explaining the petitioner’s political activities in the United States. See de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (“Generally, minor inconsistencies and minor omissions relating to unimportant facts will not support an adverse credibility finding.”). That fact is not central to the petitioner’s claims. The other “inconsistencies” are illusory: First, the petitioner could fear persecution even *594 though he voluntarily returned to Burma in 2001; he claims he was beaten and interrogated during that trip. Second, the petitioner could be persecuted even though the government has left most of his family members alone; they weren’t engaged in political activities. And the petitioner claims that the one family member who was involved in political activities — his father — was imprisoned for such participation, even if he’s now been released. Third, authorities at Yangon Airport may have the petitioner’s name and picture even though he left without trouble in 2001; the information could simply have been distributed later. The IJ’s description of the petitioner’s demeanor wasn’t specific enough to support an adverse credibility finding either. See Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir.2003).
In addition, the government concedes it has not shown that the petitioner firmly resettled in Singapore. We therefore grant the petition and remand to the BIA to determine whether the petitioner is entitled to asylum, withholding of removal or relief under the Convention Against Torture.
PETITION GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.